EMANUEL COHEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

FRANK COHEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 28318, 28319.   Promulgated September 3, 1930.

*Robert M. O'Hara, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: For 1922 respondent determined deficiencies in
petitioners' income taxes of $2,958.01 as to Emanuel Cohen and
$28,344.22 as to Frank Cohen. Three issues were pleaded, but at
the hearing the third was withdrawn by petitioners and the second
was conceded by respondent, thus leaving only the first to be decided.
That issue is presented by respondent's determination that an amount
of gain received by petitioners' partnership in the distribution in
liquidation of the assets of a corporation of which the partnership
owned all the shares was taxable to the partners as a dividend and
not as a capital gain, as petitioners contend. The pertinent statute
is Revenue Act of 1921, sections 201 and 206. It is stipulated by
counsel that if respondent has correctly treated the gain as a divi-
dend, the deficiency of Emanuel Cohen is $2,359.98 and that of
Frank Cohen is $26,504.81. Such facts as are before us are in
written stipulations. The stipulation in Docket No. 28318, Emanuel
Cohen, is as follows:

The above named parties, through their respective counsel, hereby stipulate
that the following facts are true:

1. The petitioner in this proceeding was during the year 1922 the owner of
a one-sixth interest in the partnership of Cohen and Ehrenberg of New
York City.

2. Except for qualifying shares of the stock of Panama Manufacturing Com-
pany issued in the names of the four individual members of the partnership
firm of Cohen and Ehrenberg, the partnership firm of Cohen and Ehrenberg

owned all of the outstanding issue of stock of Panama Manufacturing Company, a corporation. The Panama Manufacturing Company had been incorporated in the year 1918.

3. During the year 1922 the Panama Manufacturing Company dissolved and liquidated by making a distribution of its assets in kind to the partnership of Cohen and Ehrenberg. The partnership likewise assumed all of the corporate liabilities. The stock in Panama Manufacturing Company had been owned by the partnership of Cohen and Ehrenberg since 1918. The interest of this petitioner in the partnership of Cohen and Ehrenberg had been held by him for a period in excess of two years preceding the date of the dissolution of Panama Manufacturing Company.

4. The respondent has apportioned between the partners of Cohen and Ehrenberg the profit resulting from the liquidation of Panama Manufacturing Company, and has subjected one-sixth of that profit to tax as a dividend in the case of this petitioner.

5. In determining the profit resulting from the liquidation of Panama Manufacturing Company the respondent has failed to reduce the amount distributed by that corporation in liquidation by the amount of taxes assessed against that corporation and paid by it to the United States Treasury Department for the fiscal year 1922, such tax amounting to $11,496.29.

The stipulation in Docket No. 28319, Frank Cohen, is in identical language, except that it states Frank Cohen owned a one-third interest in the partnership and the respondent subjected one-third of the profit to tax as a dividend in the case of Frank Cohen.

The stipulations are entirely insufficient as a basis for decision and for that reason petitioners must fail. The Board has repeatedly held that its function is to decide real issues in specific cases upon particular facts, the burden of proving the facts by proper evidence being upon petitioner. Unless there are in the record before this Board facts to which the law can be applied favorably to petitioner, judgment must go against him. The omission in the present stipulation of the cost of the stock or the amount received, even if it be a capital transaction under section 206, makes it impossible for the Board to say that the respondent erred and hence to set aside the deficiency.

It is not the duty of the Board, even by agreement of the parties, to determine abstract questions upon assumed facts. There must be a real controversy the facts of which must be established either by a *bona fide* stipulation or by evidence. *Ohio Clover Leaf Dairy Co.*, 8 B. T. A. 1249; 9 B. T. A. 433; *James R. Parkey*, 16 B. T. A. 441; *B. Estes Vaughan*, 15 B. T. A. 596.

That a liquidating distribution under the 1921 Act is taxable as a dividend, and not as a capital gain, is settled. *Frank D. Darrow*, 8 B. T. A. 276; *Philetus W. Gates*, 9 B. T. A. 1133; *Eric A. Pearson*, 16 B. T. A. 1405; *McCahan* v. *McCaughn*, 39 Fed. (2d) 3; and compare *Hellmich* v. *Hellman*, 276 U. S. 233. And to tax the gain as a dividend is clearly not unconstitutional, however it might

be if, as in the hypothetical case recited by petitioners' counsel, a real loss were attempted to be taxed as gain. For petitioners may not argue upon a hypothetical wrong which in fact they have not suffered. *Costello* v. *McConnico*, 168 U. S. 674; *Aikens* v. *Kinsbury*, 247 U. S. 484; *Dahnke Walker Co.* v. *Bondurant*, 257 U. S. 282; *Rindge Co.* v. *Los Angeles*, 262 U. S. 700.

*Judgments will be entered for deficiencies of $2,359.98 and $26,504.81, respectively.*