EDWARD AND KAY DANZINGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Danzinger v. Commissioner
Docket No. 686-80.
United States Tax Court
T.C. Memo 1982-74; 1982 Tax Ct. Memo LEXIS 681; 43 T.C.M. (CCH) 539; T.C.M. (RIA) 82074; February 11, 1982. Edward and Kay Danzinger, pro se. Henry E. O'Neill, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 5,602 in petitioners' Federal income tax for 1977. The sole issue for decision is whether the time limitation in section 1034(a) [1] on the purchase of a "new residence" preceding or following the sale of an "old residence" is unconstitutional in light of the longer time limitation provided in section 1034(h) for members of the Armed Forces on active duty. *682 All of the facts are stipulated. At the time they filed their petition, Edward and Kay Danzinger (petitioners) were husband and wife, residing at 46-384 Holopu Place, Kaneohe, Hawaii. They timely filed a joint Federal income tax return for the taxable year 1977. During the pertinent years, Edward Danzinger (petitioner) was employed by Fireman's Fund Insurance Company (Fireman's Fund) as a safety engineer. Fireman's Fund is a corporation with offices throughout the United States and Canada. Petitioner was subject to being transferred by Fireman's Fund to another duty location at any time. Petitioners have lived in Hawaii continuously since at least 1965. In that year, they purchased a residence at 1033 Akumu Street, Kailua, Hawaii. In late 1970, they acquired a leasehold interest in a lot in Kaneohe upon which their current residence was constructed. This construction commenced in October 1973 and petitioners moved into their new residence at 46-384 Holopu Place, Kaneohe, in August 1974. At that time, they began to rent out their Akumu Street residence; petitioners sold this former residence in July 1977. At no time during the relevant period were petitioners on *683 "extended active duty with the Armed Forces of the United States" within the meaning of section 1034(h). On their 1977 income tax return, petitioners sought to defer under section 1034 the gain realized upon the sale of the Akumu Street residence. Respondent disallowed this deferral because petitioners did not meet the 18-month time limitation set forth in section 1034(a). Petitioner challenges this disallowance as unconstitutional. Section 1034(a) [2] provides that if a taxpayer sells his principal residence ("old residence") and, within a period extending from 18 months before the sale to 18 months after the sale, purchases [3] a "new residence" and uses it as his principal residence, any gain from selling the old residence is recognized only to the extent that the adjusted sales price of the old residence exceeds the cost of the new residence; any gain realized but not recognized reduces the basis of the new residence under section 1034(e). [4] Section 1034(h) [5] suspends the running of the 18 months specified in subsections (a) and (c) (with exceptions irrelevant here) during any time that a taxpayer or his spouse serves on extended active duty with the Armed Forces of the *684 United States; this suspension is subject to an outside limitation of 4 years after the sale date. *685 The thrust of petitioner's constitutional argument is that his job requirements so closely resemble those of Armed Forces members that excluding him from the class enjoying the extended time limitation of section 1034(h) denies him equal protection of the laws. [6] He further maintains that his freedom of association, right to travel, and property right to pursue his occupation have been infringed. Petitioner's arguments are frivolous. Congress has specific constitutional authority to provide for Armed Forces personnel as well, of course, as to lay and collect taxes. The extended time period in section 1034(h) for members of the Armed Forces is clearly *686 not so irrational as to violate the equal protection clause. [7]
The Constitution, in Article I, Section 8, specifically grants to Congress the powers "[t]o raise and support Armies" and "[t]o provide and maintain a Navy." In exercising these powers, Congress has enacted myriad laws regulating the duties and rights of Armed Forces personnel; these laws include, for example, laws governing its justice system, e.g., Uniform Code of Military Justice, 10 U.S.C. sec. 801 (1956), benefits to veterans, e.g., Serviceman's Readjustment Act of 1944, commonly known as the "G.I. Bill of Rights," ch. 268, 58 Stat. 284 (1944), retirement, e.g., 10 U.S.C. sec. 1201, and compensation, e.g., 10 U.S.C. sec. 3687. Within the Internal Revenue Code, numerous provisions accord special treatment to income of members of the Armed Forces, e.g., secs. 112 (combat *687 pay), 113 (mustering out payments), 122 (retired pay) and 217(g) (moving expenses), as well as the section here in issue. Whether we view the classification in section 1034(h) as based upon the power of Congress over the military or over taxation, the provision is valid. It is settled law that in exercising its taxing power, Congress "has the widest powers of selection and classification." Abney v. Campbell,206 F.2d 836, 840 (5th Cir. 1953). As the Supreme Court has stated: It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption infringe no constitutional limitation. Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937). [8] Within a class, Congress "is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis * * *." Carmichael v. Southern Coal Co.,supra.Clearly Congress rationally could have concluded that the demands upon Armed Forces personnel *688 on extended active duty warranted extending the time period in section 1034. [9]
Petitioner's other constitutional arguments, that denying him this extended time period infringes his right to travel, his property right in his job and his freedom of association, [10] can also be quickly dismissed. Petitioner has shown no actual interference with any of these interests. He has not been transferred. *689 His old residence is only a short distance from his new residence. Neither his business "associations," nor his alleged property interest in his job, nor his right to travel have been affected by the denial of the coveted tax ceferral. Petitioner asserts, however, that his long stay in Hawaii is an "exception" for Fireman's Fund employees, and that these alleged constitutional interests may be infringed in the future because of an employment transfer. This Court, however, lacks jurisdiction to resolve an imaginary case. Our "function is to decide real issues in specific cases upon particular facts," Roderick v. Commissioner,57 T.C. 108, 113 (1971); Cohen v. Commissioner,20 B.T.A. 647, 648 (1930); Consideration of hypothetical violations based upon "assumed facts" is beyond our purpose and our power. See Roderick v. Commissioner,supra;Cohen v. Commissioner,supra.[11]
*690 Petitioner thus has failed to show any constitutional invalidity in the workings of section 1034. We hold that respondent correctly determined the deficiency. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. SEC. 1034. SALE OR EXHCNAGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him, and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. ↩
3. Sec. 1034(c)(2) provides that a residence "which was constructed * * * by the taxpayer shall be treated as purchased by the taxpayer." ↩
4. Sec. 1034(e) provides as follows: (e) Basis of New Residence.--Where the purchase of a new residence results, under subsection (a) * * * in the nonrecognition of gain on the sale of an old residence, in determining the adjusted basis of the new residence as of any time following the sale of the old residence, the adjustments to basis shall include a reduction by an amount equal to the amount of the gain not so recognized on the sale of the old residence. For this purpose, the amount of the gain not so recognized on the sale of the old residence includes only so much of such gain as is not recognized by reason of the cost, up to such time, of purchasing the new residence. ↩
5. Sec. 1034(h) provides as follows: (h) Members of Armed Forces.--The running of any period of time specified in subsection (a) or (c) * * * shall be suspended during any time that the taxpayer (or his spouse if the old residence and the new residence are each used by the taxpayer and his spouse as their principal residence) serves on extended active duty with the Armed Forces of the United States after the date of the sale of the old residence except that any such period of time as so suspended shall not extend beyond the date 4 years after the date of the sale of the old residence. For purposes of this subsection, the term "extended active duty" means any period of active duty pursuant to a call or order to such duty for a period in excess of 90 days or for an indefinite period.↩
6. Although the equal protection clause of the Fourteenth Amendment applies, by its terms, only to State action, the Supreme Court has held that the due process clause of the Fifth Amendment embraces the principles of equal protection, Bolling v. Sharpe,347 U.S. 497 (1954); see Jaggard v. Commissioner,76 T.C. 222 (1981), and that equal protection arguments under the two amendments are treated "precisely the same." Weinberger v. Wiesenfeld,420 U.S. 636, 638↩, fn. 2 (1975).
7. The "rational basis" test controls, because no "suspect" classification exists and no "fundamental right" has been infringed. See, e.g., Frontiero v. Richardson,411 U.S. 677, 682 (1973); Shapiro v. Thompson,394 U.S. 618, 638↩ (1969).
8. The reasoning here stated applies to taxation by Congress as well as by states. See Steward Machine Co. v. Davis,301 U.S. 548, 584-585 (1937); Henson v. Commissioner,66 T.C. 835, 840↩ (1976)
9. The legislative history indicates that the extended time period in sec. 1034(h) was enacted to ensure servicemen's access to the sec. 1034 tax benefit enjoyed by civilians. Congress expressed concern about the plight of Armed Forces members on "extended active duty" in the Korean war, reasoning that "[u]nless the running of this period is suspended during the time of active military service of a taxpayer a substantial number of our veterans will be deprived of the tax benefit accorded other taxpayers." S. Rept. No. 1833, 1952 U.S. Cong. Code & Ad. News 2298.↩
10. Petitioner does not elaborate as to how his freedom of association has been infringed.↩
11. Although respondent does not argue the point, the regulations indicate that petitioner does not meet the requirements of the narrow language of sec. 1034(h) even if it were applicable to him. The section, fn. 5, supra, states that the 18-month time periods prescribed therein are suspended for certain Armed Forces' members but that this suspended period is limited to 4 years after the sale date. The implication that the 18-month period prior to the sale of the old residence is left without any suspension is made explicit in the regulations (sec. 1.1034-1(g)(4), Income Tax Regs.): The running of the 18-month period prior to the date of the sale of the old residence within which the new residence may be purchased in order to have gain on the sale of the old residence not recognized under this section is * * * not suspended. In the instant case, petitioner "purchased" his new residence in 1974; he sold his old residence in 1977. Thus, even if he were a member of the class covered by sec. 1034(h), the regulation would deny petitioner the right to defer the gain in dispute because he purchased his new residence more than 18 months prior to selling his old residence. We need not here pass on the validity of the regulation.↩