T.C. Memo. 2008-37

UNITED STATES TAX COURT

ALBERT ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22417-05.                    Filed February 21, 2008.

Albert Anderson, pro se.

<u>Charles E. Buxbaum</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $2,406 deficiency in petitioner's 2004 Federal income tax.  The issues for decision are whether petitioner is entitled to claim his son as a dependent and whether he is entitled to the earned income credit.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

## Background

Some facts have been stipulated and are so found. When he petitioned the Court, petitioner resided in New Jersey.

In December 2003 petitioner married Angela Whitted (Ms. Whitted). Petitioner and Ms. Whitted remained married throughout 2004 but never lived together.

On May 15, 2004, petitioner had a son by Ms. Cynthia Adjin-Tettey (Ms. Adjin-Tettey). Petitioner did not live with Ms. Adjin-Tettey; she and their infant son lived a 10- or 15-minute drive away.

In 2004 petitioner held two jobs. From 9 a.m. to 5 p.m., he worked as a gas station attendant at Sam's Club, and from 11 p.m. to 7 a.m., he worked as a room service attendant at the Tropicana Casino in Atlantic City.

On his 2004 Federal income tax return petitioner reported wage income of $7,062. He claimed head of household filing status and a dependency exemption deduction for his and Ms. Adjin-Tettey's son. Petitioner also claimed an earned income credit of $2,406.

In the notice of deficiency respondent determined that petitioner was entitled to no dependency exemption deduction and that his proper filing status was single. Respondent also disallowed the earned income credit.

## Discussion

The $2,406 deficiency arises from respondent's disallowance of the earned income credit of the same amount. The amount of the deficiency appears to be unaffected by respondent's changing petitioner's filing status; consequently, we need not address that issue.[1] See LTV Corp. v. Commissioner, 64 T.C. 589, 594-595 (1975); Cohen v. Commissioner, 20 B.T.A. 647, 648 (1930). Similarly, respondent's disallowance of the dependency exemption deduction for petitioner's son does not appear to affect directly the amount of the deficiency. As discussed below, however, the dependency issue is relevant in assessing petitioner's entitlement to the earned income credit. For that reason, we address the dependency issue before considering petitioner's entitlement to the earned income credit.

### 1. Dependency Exemption Deduction

A taxpayer is allowed a dependency exemption deduction for each dependent. Sec. 151(c)(1). To qualify as the taxpayer's dependent, an individual must, among other things, receive (or be treated as receiving) over half of his or her support from the taxpayer. Sec. 152(a). In the case of a child whose parents

---

[1] We note, however, that to qualify as a head of household an individual must be unmarried, sec. 2(b)(1), and that an individual will be treated as not married if so treated under sec. 7703(b). The parties agree that petitioner was married, and as discussed infra, we conclude that petitioner should not be treated as not married under sec. 7703(b).

live apart at all times during the last 6 months of the calendar year, a special rule generally treats the child as receiving over half of his or her support from the parent having custody for the greater portion of the year. See sec. 152(e)(1); sec. 1.152-4(b), Income Tax Regs. This special rule applies only if the child both: (1) Receives over half of his or her support during the year from his or her parents; and (2) is in the custody of one or both parents for more than half the year. Sec. 152(e)(1).

Petitioner claims that his infant son lived with him in 2004. He acknowledges that his son's mother, Ms. Adjin-Tettey, lived at a different address. According to petitioner's testimony, each morning a friend would drive Ms. Adjin-Tettey (who was unemployed) and the infant son from her residence to petitioner's, where mother and son would remain until petitioner came home from his day job so that they would be with him while he slept a couple of hours. Then, according to petitioner's testimony, on his way to his night job he would drop Ms. Adjin-Tettey and his son off at her own residence, where mother and son would spend the night before repeating the routine the next day.

Petitioner's testimony strains credulity, but even if we were to assume his testimony is true, petitioner cannot prevail on this issue. In the first instance, he has not shown that he or Ms. Adjin-Tettey, or the two together, provided over half the

child's total support during 2004.[2]  Moreover, under petitioner's own version of the facts, it is apparent that Ms. Adjin-Tettey had custody of the child for a greater portion of the year than did petitioner.  Accordingly, under the special rule of section 152(e)(1), even if he or Ms. Adjin-Tettey, or the two together, had provided over half the child's total support during 2004, the exemption would belong to Ms. Adjin-Tettey and not to petitioner.[3]  Therefore petitioner cannot claim his son as a dependent for 2004.

2.  Earned Income Credit

Section 32 allows an earned income credit.  In the case of a married individual, the earned income credit is allowable only if a joint return is filed for the taxable year.  Sec. 32(d); sec. 1.32-2(b)(2), Income Tax Regs.  For this purpose, marital status is determined under section 7703 as of the end of the taxable year.

The parties agree that petitioner was married to Ms. Whitted as of December 31, 2004.  Petitioner and Ms. Whitted did not file

---

[2] Petitioner provided several receipts that showed approximately $535 worth of items purchased for a child but has not established the total amount of support provided for his son or the portion of the total support that he or Ms. Adjin-Tettey provided.

[3] Petitioner does not contend and the record does not suggest that Ms. Adjin-Tettey ever released her claim to the exemption pursuant to sec. 152(e)(2).

a joint return for 2004.[4]  Accordingly, petitioner is not allowed to claim the earned income credit for 2004 unless he is able to establish that pursuant to section 7703(b) he and Ms. Whitted should be treated as not married.  Petitioner would need to establish, among other things, that he was entitled to claim a dependency exemption deduction for his son for 2004 and that his home was the principal place of abode for his son for more than half of 2004.  See sec. 7703(b)(1).  As just discussed, however, petitioner is not entitled to a dependency exemption deduction for his son for 2004.  Moreover, petitioner has failed to show that his home was his son's principal place of abode for more than half of 2004.  Under petitioner's own version of the facts, his son was always with Ms. Adjin-Tettey and always slept at her residence.  Accordingly, the son's principal place of abode during 2004 was with his mother.  Petitioner is ineligible for the earned income credit for 2004.

---

[4] At trial, petitioner sought to establish that he and Ms. Whitted had filed an amended joint 2004 return.  Petitioner was unable to produce a signed copy of any such amended joint return or any proof that he ever mailed such a return to respondent.  Respondent's records show no amended joint return as having been filed.  In his petition, petitioner states that the purported amended joint return was "only for immigration purposes."  We conclude that petitioner never filed a 2004 joint return with respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
